**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Donald Mitchell JOHNSON, AKA Ski
Johnson, Defendant-Appellant.**

No. 15-30356

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted February
7, 2017 Seattle, Washington

Filed April 21, 2017

Leif Johnson, Assistant U.S. Attorney, Office of the US Attorney, Billings, MT, Chad Spraker, Assistant U.S. Attorney, USHE—Office of the US Attorney, Helena, MT, for Plaintiff-Appellee

Michael Donahoe, Esquire, Assistant Federal Public Defender, FDMT-Federal Defenders of Montana (Helena), Helena, MT, for Defendant-Appellant

Before: PAEZ and CALLAHAN, Circuit Judges, and ENGLAND,* District Judge.

## MEMORANDUM **

In 2015, Donald Johnson was found guilty of wire fraud pursuant to 18 U.S.C. § 1343. Johnson falsely represented himself as a Grammy-nominated musician while defrauding a charitable organization of thousands of dollars. Johnson moved for acquittal under Federal Rule of Criminal Procedure 29 at the close of the Government's case, at the close of all evidence, and post-trial. On appeal, Johnson argues that the government failed to produce sufficient evidence to sustain a conviction. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

1. We review sufficiency of the evidence de novo. *United States v. Sullivan,* 522 F.3d 967, 974 (9th Cir. 2008). "There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)) (emphasis in original).

2. The government's indictment alleged that fraud occurred "in Montana and elsewhere." At trial, the court limited evidence to fraud within Montana. Johnson argues that the government failed to prove the acts it alleged in the indictment because it did not prove fraud "elsewhere," and thus his conviction should be overturned. This argument is inconsistent with Supreme Court precedent. *See United States v. Miller,* 471 U.S. 130, 136, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985) ("[T]he right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime").

3. Finally, Johnson argues that the government's evidence of Montana-related fraud was insufficient to support his conviction. However, the government presented ample evidence that Johnson (1) falsely claimed to a charity that he was a Grammy-nominated musician; (2) falsely claimed

---

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

that his foundation was a children's charity; and (3) never donated Grammy tickets to the charity as promised. Thus, a rational jury could have concluded that Johnson was guilty of wire fraud. *See* 18 U.S.C. § 1343.

4. Johnson's conviction is **AFFIRMED**.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.